# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ROBERTO A. MINUTA,<br>*Petitioner*<br><br>v.<br><br>WARDEN ROSALEZ,<br>*Respondent* | §<br>§<br>§<br>§     1:24-CV-01468-ADA-SH<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court are Roberto Minuta's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed November 22, 2025 (Dkt. 1), and Respondent Warden Rosalez's Motion to Dismiss the Petition for Writ of Habeas Corpus, filed March 4, 2025 (Dkt. 8).[1]

### I.   Background

Petitioner Roberto Minuta, a member of the militia group known as the "Oath Keepers," and his co-conspirators were charged and convicted by a jury of federal crimes for their involvement in the attack on the United States Capitol on January 6, 2021. *United States v. Rhodes*, 610 F. Supp. 3d 29, 33 (D.D.C. 2022). A jury found Minuta guilty of Seditious Conspiracy, in violation of 18 U.S.C. § 2384 (Count One); Conspiracy to Obstruct an Official Proceeding, in violation of 18 U.S.C. § 1512(k) (Count Two); Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2 (Count Three); and Conspiracy to prevent an Officer from Discharging any Duties, in violation of 18 U.S.C. § 372 (Count Four). *United States v.*

---

[1] The District Court referred the case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Docket Management Standing Order. Dkt. 2.

*Rhodes*, No. 1:22-cr-00015-APM (D.D.C June 22, 2022) at Dkt. 450. The District Court entered final judgment on June 8, 2023, sentencing Minuta to a 54-month term of imprisonment followed by a 36-month term of supervised release. *Id.* at Dkt. 631.

On November 22, 2024, while he was in federal custody at FCI Bastrop, Minuta filed this § 2241 Petition, alleging that the FCI Bastrop officials improperly calculated his earned time credits under the First Step Act. Minuta asked the Court to recalculate his earned time credits and immediately release him to home confinement.

On January 20, 2025, President Trump commuted Minuta's sentence along with those of more than 1,000 other defendants convicted of January 6-related offenses. *United States v. Rhodes*, 763 F. Supp. 3d 6, 9 (D.D.C. 2025). He was released from federal custody the same day. Dkt. 8-1 at 5.

Because Minuta has been released from custody, Rosalez argues that Minuta's § 2241 Petition is moot and must be dismissed. Dkt. 8. Minuta does not respond. The Court agrees that Minuta's case is moot.

## II.     Analysis

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing "Cases" or "Controversies." U.S. CONST. art. III, § 2. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up). There is no case or controversy, and a suit becomes moot, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin*, 568 U.S. at 172. Because a moot case presents no Article III case or

controversy, "a court has no constitutional jurisdiction to resolve the issues it presents." *Nkenglefac v. Garland*, 34 F.4th 422, 428 (5th Cir. 2022) (citation omitted).

There was a live case or controversy when Minuta filed his § 2241 Petition. But his release from custody mooted his case because there is no longer a live case or controversy for which any relief can be granted. Because Minuta has received the sole relief sought in his Petition—release from confinement—his case is moot and must be dismissed. *See Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (affirming dismissal of § 2241 petition challenging sentence calculation as moot when petitioner had been released from custody after petition was filed); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition as moot after release when the "thrust" of the petition was to be released from confinement).

### III.  Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Respondent Warden Rosalez's Motion to Dismiss the Petition for Writ of Habeas Corpus (Dkt. 8) and **DISMISS** Roberto A. Minuta's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) as moot.

**IT IS FURTHER ORDERED** that the Clerk shall remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 31, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE